IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL BJORLIN,

      Plaintiff,                     No. CIV S-06-1837 LKK DAD P

   vs.

M.T.A. CROW,

      Defendant.                 <u>ORDER</u>

/

        Several of plaintiff's requests are pending before the court.  First, plaintiff has filed a request for an extension of time to file a status report pursuant to the court's order of April 11, 2008.  Good cause appearing, plaintiff's request will be granted.

        Second, plaintiff has filed several requests for a copy of his original complaint in order to complete his status report.  Typically, the court does not provide copies of documents to the parties.  However, good cause appearing, plaintiff's requests will be granted in this instance.

        Third, plaintiff has filed a motion for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary

/////

1

assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

   The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

   Finally, plaintiff has filed a request to physically appear for all court proceedings.  Plaintiff is advised that such a request is unnecessary.  An order and writ of ad testificandum requiring plaintiff's appearance will be issued by the court at the appropriate time if necessary.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's April 21, 2008 motion for an extension of time is granted.  Plaintiff is granted forty-five days from the date of this order in which to file his status report;

   2. Plaintiff's April 21, 2008, and April 23, 2008, requests for a copy of his original complaint is granted;

   3. Plaintiff's April 21, 2008 motion for appointment of counsel is denied;

   4. Plaintiff's April 22, 2008 request to physically appear for all court hearings is denied as unnecessary; and

   5. The Clerk of the Court is directed to send plaintiff a copy of his original complaint filed August 17, 2006.

DATED: April 29, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:ak
bjor1837.36+