IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL BJORLIN,

        Plaintiff,                No. CIV S-06-1837 LKK DAD P

    vs.

M.T.A. CROW,

        Defendant.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's various motions.

**BACKGROUND**

        In this case, plaintiff claims that defendant Crow denied him adequate medical treatment in violation of the Eighth Amendment.  Plaintiff also claims that defendant Crow discriminated against him based on plaintiff's race in violation of the Equal Protection Clause of the Fourteenth Amendment.  On May 18, 2009, the assigned district judge held a trial confirmation hearing, vacated the trial date in this case, and ordered defendant Crow to file a motion for summary judgment on or before July 15, 2009.  The defendant has since filed a timely motion for summary judgment, which plaintiff has opposed.  In due course, the court will issue findings and recommendations on defendant's motion for summary judgment.

1

**MOTIONS FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed seven virtually identical motions for appointment of counsel. As the court has previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Plaintiff is advised that this court does not hold litigants proceeding pro se to the same standards that it holds attorneys.  However, plaintiff's repeated filing of virtually identical motions before the court has had an opportunity to rule on his first motion constitutes an abuse of the process.  Plaintiff is strongly cautioned that such misconduct in the future may result in the issuance of sanctions, including a recommendation for dismissal of this action.  See Chambers v. Nasco, 501 U.S. 32, 43-46 (1991).

**DISCOVERY AND SUBPOENA REQUESTS**

Plaintiff has filed with the court copies of several of his discovery requests to defendant Crow, including his first set of interrogatories and his first set of requests for production of documents.  Plaintiff is advised that, under the court's June 5, 2008 scheduling order, discovery closed in this matter on October 3, 2008.  Defendant Crow is not obligated to

respond to these discovery requests.  Nor will the court entertain any motions to compel such

discovery at a later date.  Plaintiff is advised that further filing of discovery requests, except as

required by rule of court, may also result in an order imposing sanctions.

Plaintiff has also filed what appears to be a request for a subpoena to obtain

defendant Crow's personnel file.  In addition, plaintiff previously filed a subpoena for defendant

Crow's personnel file on a California Superior Court form.  Under Rule 45(c)(1) of the Federal

Rules of Civil Procedure, "A party . . . responsible for issuing and serving a subpoena must take

reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena."  In addition, discovery may be limited if:

> (i) the discovery sought is unreasonably cumulative or duplicative,
> or can be obtained from some other sources that is more
> convenient, less burdensome, or less expensive; (ii) the party
> seeking discovery has had ample opportunity to obtain the
> information by discovery in the action or (iii) the burden or
> expense of the proposed discovery outweighs its likely benefit. . . .

Fed. R. Civ. P. 26(b)(2)(C).

Here, plaintiff has not indicated how defendant Crow's personnel file is relevant

to the claims in this action.  Nor has plaintiff limited the scope or nature of his request.  Finally,

discovery in this matter was open for nearly two years.  During that time, it does not appear that

plaintiff made any effort to request production of defendant Crow's personnel file from defense

counsel even though he had ample time to do so.  Under these circumstances, the court finds that

issuing a subpoena for defendant Crow's personnel file would cause an undue burden.

## PRETRIAL MOTIONS

Plaintiff has filed several unclear and improper pretrial motions.  First, plaintiff

has filed a document styled "motion to introduce evidence," together with exhibits including a

copy of a citizen's complaint and a copy of plaintiff's medical records.  It is not clear what the

basis of plaintiff's motion is, what relief he seeks, or why he has submitted these exhibits to the

court.  For example, the exhibits in question do not appear to be trial exhibits because plaintiff

3

1    filed those after the court issued its pretrial order notwithstanding the court's instruction that he

2    exchange exhibits with defense counsel but not file copies with the court.  Nevertheless, the court

3    will file the exhibits and maintain them as part of the record in this case.

4            Second, plaintiff has filed a subpoena to obtain the attendance of certain

5    unincarcerated witnesses at trial.  As the court previously advised plaintiff, to the extent that

6    unincarcerated witnesses refuse to testify voluntarily, <u>not earlier than four weeks and not later</u>

7    <u>than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a

8    subpoena for service by the Marshal upon the witness.  (Blank subpoena forms may be obtained

9    from the Clerk of the Court.)  Also, the party seeking the presence of a witness at trial must

10   tender an appropriate sum of money to the witness through the United States Marshal.  In the

11   case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of

12   $40.00 <u>plus the witness' travel expenses</u>.

13           A subpoena will not be served by the United States Marshal upon an

14   unincarcerated witness unless the subpoena is accompanied by a money order made payable to

15   the witness for the full amount of the witness' travel expenses plus the daily witness fee of

16   $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  Because no

17   statute authorizes the use of public funds for these expenses in civil cases, the tendering of

18   witness fees and travel expenses is required even if the party was granted leave to proceed in

19   forma pauperis.

20           Third, plaintiff has filed what appears to be a motion in limine in which he

21   requests to exclude from evidence at trial his abstract of judgment.  Plaintiff's motion lacks

22   sufficient information.  For example, the motion does not indicate what type of conviction

23   plaintiff seeks to exclude or what sentence he received.  The motion also does not indicate when

24   the conviction occurred.  Without more information and documentation, the court must deny

25   plaintiff's motion without prejudice to refiling if the case proceeds to trial.

26   /////

1    Finally, plaintiff has filed a document styled "motion to call witness"  It appears

2  that plaintiff wishes to call D. Mendonca, a Correctional Counselor at High Desert State Prison,

3  as a witness at trial.  On April 15, 2009, the undersigned issued a pretrial order.  Based on

4  plaintiff's pretrial statement, the court listed the witnesses that plaintiff intended to call at trial.

5  D. Mendonca was not one of the witnesses.

6    As the court previously advised plaintiff, no witnesses other than those listed in

7  the pretrial order will be permitted to testify at trial unless the party offering the witness

8  demonstrates that the witness is called for the purpose of rebutting evidence which could not

9  have been reasonably anticipated at the time of pretrial conference, or the witness was discovered

10  after the time of pretrial conference and the proffering party promptly informed the court and the

11  opposing party of the existence of the unlisted witness.  The court cautioned plaintiff that an

12  unlisted witness would not be permitted to testify unless (1) the witness could not reasonably

13  have been discovered prior to the pretrial conference, (2) the court and the opposing party were

14  promptly notified upon discovery of the witness, and (3) if time did not permit proffering the

15  witness for deposition, a reasonable summary of the witness' testimony was provided to the

16  opposing party.  Here, plaintiff has not satisfied the court that D. Mendonca could not reasonably

17  have been discovered prior to the pretrial conference in this action.  Nor has plaintiff has

18  provided a reasonable summary of this potential witness' testimony.

19  **MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

20    Plaintiff has filed a motion for preliminary injunctive relief.  Therein, he claims

21  that the state is retaliating against him, violating his due process rights, and denying him fair

22  access to the courts.  He also claims that High Desert State Prison's Institutional Classification

23  Committee is attempting to transfer him to California State Prison at Corcoran and that the state

24  is limiting his access to the library to one hour per week.

25    Plaintiff's motion for preliminary injunctive relief is defective because it does not

26  comply with the Local Rules of Court.  See Local Rule 65-231.  In addition, plaintiff may only

1   seek injunctive relief against individuals who are named as defendants in this action.  This court

2   is unable to issue an order against "the state" or individuals who are not parties to a suit pending

3   before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Finally,

4   plaintiff's vague and conclusory allegations do not appear to state any cognizable constitutional

5   claims.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) ("First Amendment

6   retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action

7   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

8   chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

9   advance a legitimate correctional goal."); Meachum v. Fano, 427 U.S. 215, 224-25 (1976)

10  (inmates do not have a constitutional right to be incarcerated at a particular correctional facility

11  or in a particular cell or unit within a facility); Lindquist v. Idaho State Board of Corrections, 776

12  F.2d 851, 858 (9th Cir. 1985); Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858

13  (9th Cir. 1985) ("[T]he Constitution does not guarantee a prisoner unlimited access to a law

14  library.").

15          For these reasons, plaintiff has failed to show that he is entitled to preliminary

16  injunctive relief.  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) ("The proper legal

17  standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to

18  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

19  relief, that the balance of equities tips in his favor, and that an injunction is in the public

20  interest.'") (quoting Winter v. Natural Res. Def. Council, ___ U.S. ___, 129 S. Ct. 365, 374

21  (2008).

22                        **MOTIONS FOR DEFAULT JUDGMENT**

23          Plaintiff has filed two motions for entry of default judgment.  He argues that

24  defendant Crow failed to comply with the assigned district judge's order to file a motion for

25  summary judgment on or before July 15, 2009.  Plaintiff is mistaken.  As noted above, defendant

26  Crow timely filed a motion for summary judgment on July 10, 2009.

**OTHER MATTERS**

Plaintiff has filed an amended opposition to defendant Crow's motion for summary judgment.  In the interest of justice, the court will accept plaintiff's amended opposition and grant the defendant additional time to file an amended reply, if any, to plaintiff's amended opposition.

Finally, plaintiff is advised that he is not obligated to file anything additional in this case until the court rules on defendant's motion for summary judgment.  The court will issue a further scheduling order for pretrial motions if necessary after ruling on defendant's motion. The court will not impose any restrictions on plaintiff's filings at this time.  However, as cautioned above, if plaintiff engages in the type of abusive filing practices he has recently displayed, the court will issue sanctions which may include a recommendation for dismissal of this action.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's May 18, 2009, June 4, 2009, June 10, 2009, June 29, 2009, July 6, 2009, July 17, 2009, July 22, 2009, motions for appointment of counsel (Doc. Nos. 75, 80, 81, 82, 83, 86, 88) are denied;

2.  Plaintiff's May 18, 2009 and June 22, 2009 discovery requests (Doc. Nos. 76, 89 & 90) are disregarded;

3.  Plaintiff's June 30, 2008 and April 29, 2009 requests for issuance of a subpoena to obtain defendant Crow's personnel file (Doc. Nos. 50 & 68) are denied;

4.  Plaintiff's June 27, 2008 motion to introduce evidence (Doc. No. 48) is denied;

5.  Plaintiff's June 30, 2008 request for issuance of a subpoena to obtain the attendance of unincarcerated witnesses at trial (Doc. No. 51) is denied;

6.  Plaintiff's April 29, 2009 motion in limine (Doc. No. 69) is denied without prejudice;

1        7.  Plaintiff's May 18, 2009 motion to call witness (Doc. No. 74) is denied

2  without prejudice;

3        8.  Plaintiff's May 18, 2009 motion for preliminary injunctive relief (Doc. No. 72)

4  is denied without prejudice;

5        9.  Plaintiff's July 17, 2009 motions for default judgment (Doc. Nos. 85 & 87) are

6  denied; and

7        10.  Defendant is granted fifteen days from the date of this order to file an

8  amended reply, if any, to plaintiff's amended opposition.

9  DATED: August 26, 2009.

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bjor1837.mots

8